# OCTOBER TERM 1882.

ALMOND L. BOOTH v. JONATHAN THOMPSON.

*Dismissal of bill for variance.*

The Supreme Court, in reviewing a chancery cause, is confined to the case alleged; and if the proofs do not sustain it, or if they make out a different case, the bill will be dismissed.

Appeal from Wayne. Submitted June 6–7. Decided Oct. 4.

BILL to vacate levy of execution and proceedings taken thereon. Defendant appeals. Reversed; bill dismissed.

*Ward & Palmer* for complainant.

*B. T. Prentis, Alfred Russell* and *H. M. Campbell* for defendant. Relief cannot be had upon grounds not set up in the bill praying for it: *Ford v. Loomis* 33 Mich. 121.

GRAVES, C. J. The circuit court decreed in complainant's favor and the defendant appealed. It is necessary first of all to see upon what basis relief is asked; because the court is confined to the case alleged. There is no doubt in regard to the head of jurisdiction to which the bill must be assigned. It is referable and referable only to the remedial equity for annulling proceedings to prevent them from working future mischief. The phraseology is in some parts vague and nearly if not quite equivocal, and were the complainant trying to profit by the obscurity of his statements he would be met by the familiar rule which requires a pleading to be construed most strongly against the pleader. But the sense in which the bill is justly to be understood is not a matter about which the court is in any doubt. The legit-

73

imate effect of the various averments is that no mistake was made in the terms of the deed from William Booth to complainant to call for reformation; and the bill is not framed as a bill to change the wording of the deed, nor are the proper parties for such a case before the court. Again, the complainant makes no claim that the case is within the statutory jurisdiction for removing clouds hanging over titles. Comp. Laws, § 5072. Facts to fit the suit thereto are wanting, and the relief prescribed by the statute would be hardly appropriate, and further, no such relief is invoked. The case as set out leads only in one way, and looks to the getting rid of the levy and the proceedings founded on it, and to no other relief.

Assuming that the scheme of the bill is coherent and its allegations consistent on this, the only theory admissible, the substance is that on February 18, 1878, William Booth, the complainant's father, owned the "west seventeen *feet*" of a certain lot number six together with an adjoining strip one and a half feet wide, and that day sold and conveyed the premises to complainant for $4000; that the description in the deed was not written plainly, and the register of deeds in copying it into the records made a mistake, and instead of writing the words "west seventeen feet," wrote "west *seventeenth part;*" that defendant on the fourth of April, 1879, sued the grantor, complainant's father, and in August recovered a judgment against him for $1405.31, and in December following took out an execution, which the sheriff on the twentieth of January, 1880, levied on all the right, title, and interest of said grantor in all the west seventeen feet of said lot six, except the "west seventeenth part;" that shortly after the levy complainant notified defendant of his ownership of all the west seventeen feet of said lot six, and that defendant must not sell any portion of the same; that complainant was not aware of any mistake in the record until after the levy, and on finding out about it, it was deemed best to have the writing of the words in question made plainer, and accordingly complainant procured the scrivener who originally drew the deed,

and took the acknowledgment to attend to it, and he proceeded in the presence of the parties to the deed and with their approbation to make the proposed change, and that the deed after being thus fixed was correctly recorded; that in July, 1880, the defendant caused the premises specified in the levy to be sold under the execution, on which sale he became purchaser for $1525, and received a certificate of sale, which he has continued to hold, and on which he intends to demand a deed, in case no redemption is made; that the sheriff on or about the 19th of July caused a duplicate certificate to be recorded.

Who, if any one, held possession after complainant's alleged purchase is not suggested. The bill is silent on the subject, and there is no charge or intimation in it that defendant had any notice that complainant had or claimed any interest in the premises levied on until some time after the levy.

From the scheme of the bill it is quite apparent that it is made a ruling question whether the deed from William Booth actually described the whole *west seventeen feet* as claimed by complainant, or only the *west seventeenth part* as claimed in the answer. In the one case there would be no ostensible conflict between the deed and the levy, while in the other case there would be and the equities would vary with the facts. That the deed really described the whole west seventeen feet was made a central fact in complainant's case and he was bound to prove it. No foundation was laid for asking relief on any hypothesis not containing this ingredient, and no remedy is to be thought of which depends on looking at the controversy under an aspect which is foreign to the case pleaded, nor can the court press the application of rules which have no relevancy except through unfounded assumptions. Had complainant acted on the theory that the fault lay in a mistake in the deed, and that his purchase nevertheless gave him an equitable title superior to any right of the defendant; and had he carried out such theory in bringing forward his case and in setting it forth on the record, then whatever the final result, the contention would

have had an identity unlike the present controversy, and which would be subject to principles not pertinent now. The departure of the court below from the case set up in the bill requires no explanation, and it would be useless to write out a discussion of the facts.

On full consideration of the record, it is concluded that, according to the clear preponderance of evidence, the deed from William Booth to complainant described only the west seventeenth part of lot six, and that the suit brought by the bill failed therefore on its own principles. The case established by the evidence is fundamentally unlike the case averred by complainant.

The decree should be reversed with costs and the bill dismissed.

The other Justices concurred.